PICKETT, APPELLANT, *v.* INDUSTRIAL COMMISSION
OF OHIO, APPELLEE.

(No. 4813—Decided December 13, 1954.)

*Messrs. Reams, Bretherton & Neipp,* for appellant.
*Mr. George H. Fell,* for appellee.

FESS, J. This is an appeal on questions of law from
a finding and judgment of the Common Pleas Court
that plaintiff is not entitled to participate in the work-
men's compensation fund.

The rehearing record discloses that the Sun Oil
Company of Toledo, Ohio, let a contract to the Cataly-
tic Construction Company, general contractors, to
build additional plants on its premises located at
East Toledo, near Woodville Road. The general con-
tractor in turn sublet some of the work to subcontrac-
tors, including the G. & L. Firebrick Contractors, Inc.,
by whom claimant was employed.

Adjacent to the enclosed area surrounding its plant,
the Sun Oil Company had a parking lot for the occu-
pancy and use of its employees. This lot accommo-
dated about 100 cars and was divided into parking

lanes by cables supported through posts. The Sun Oil Company permitted employees of the Catalytic Construction Company and the several subcontractors to park their cars on the oil company parking lot, but neither the Catalytic Construction Company nor the G. & L. Firebrick Company specifically directed their employees to park in such lot.

The record discloses further that the claimant was employed by the G. & L. Firebrick Company as a brick mason on its job. For a period of three months prior to his injury, claimant had parked his car in the Sun Oil Company lot. After parking his car, he would then walk a distance of 100 yards or so to a shanty on the other side of the fence separating the parking lot from the Sun Oil plant, where he would check in and proceed to perform the work for which he was hired.

Plaintiff's hours of employment were from 7:30 a. m. to 4:00 p. m. On August 26, 1949, the claimant drove into the parking lot about 7:15 a. m., and while looking out of the right window at another car parked adjacent to the space he was entering he backed his car about two-thirds of the way into a space when his car was bumped by another automobile just in back of his car. He then discovered that another employee, Frank Long, had driven his car from the adjoining lane over one of the cables which was lying on the ground. An altercation arose between the two men over their respective rights to the use of the space. Long got out of his car and walked over to the claimant's car, reached in and struck the claimant on the jaw, then pulled claimant out of his car and struck him with such force that he fell to the ground, sustaining a fracture involving the base of the neck of the left femur. There is no basis in the record to substantiate a finding that this brutal assault was provoked by the claimant.

Again we are confronted with the troublesome question of whether the injury was incurred in the course of and arose out of plaintiff's employment.

Shortly after the enactment of the Act of March 13, 1913 (103 Ohio Laws, 82), the Supreme Court incorporated in the definition of compensable injury the limitation that the injury must arise out of the employment. *Fassig* v. *State, ex rel. Turner* (1917), 95 Ohio St., 232, 116 N. E., 104. To allow compensation for injuries which may have occurred in the course of the employment, but which did not arise out of or have relation to the employment, would probably contravene constitutional rights of employers in that they would be required to contribute to the fund to cover injuries for which they were in no way responsible. *Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 6, 130 N. E., 38; *Malone* v. *Industrial Commission,* 140 Ohio St., 292, 296, 43 N. E. (2d), 266. The limitation announced in the *Fassig case* was carried into the statute in 1937 (117 Ohio Laws, 109) by the addition of the following definition:

"The term 'injury' as used in this section and in the Workmen's Compensation Act shall include any injury received in the course of, and arising out of, the injured employee's employment."

By way of amplification of the definition, the fifth paragraph of the syllabus in the *Fassig case* also states that such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employee may at the time have been engaged in the work of the employer in the usual way. In 1921, the Supreme Court held that the test of the right to an award is not whether the employer was negligent but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environ-

ments. *Industrial Commission* v. *Weigandt, supra.* See, also, *Ashbrook* v. *Industrial Commission* (1939), 136 Ohio St., 115, 24 N. E. (2d), 33, wherein compensation was denied but the principle was reaffirmed. In the *Weigandt case* the injury occurred within the plant (but not at the employee's place of work), as a result of a scuffle between two fellow-employees. Then followed *Industrial Commission* v. *Barber* (1927), 117 Ohio St., 373, 159 N. E., 363, which introduced the element of "zone of employment" outside the plant, but under the control of the employer, as constituting a condition and environment of employment under the control of the employer. The hazards of that condition and environment were held to be hazards to which the employee was required to expose himself in the performance of his contract of employment.

Recently the Supreme Court has reiterated that an injury occurs in the course of and arises out of the employment if the injury follows as a natural incident of the work and as a result of exposure occasioned by the nature, conditions and surroundings of the employment; and the workman need not necessarily be injured in the actual performance of work. It is sufficient if he is injured in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment. *Sebek* v. *Cleveland Graphite Bronze Co.* (1947), 148 Ohio St., 693, 76 N. E. (2d), 892. See, also, *Nelson* v. *Industrial Commission* (1948), 150 Ohio St., 1, 12, 80 N. E. (2d), 430. By way of illustration of the application of the principle, the court, in the *Sebek case*, cited the following authorities:

*DeCamp* v. *Youngstown Municipal Ry. Co.*, 110 Ohio St., 376, 144 N. E., 128, injury received while a workman was alighting from a street car and while on his way to work, where the furnishing of transportation

by the employer was a part of the employment contract; *Industrial Commission* v. *Barber, supra,* fatal injury received while an employee was on his way to work on a street maintained by the employer; *Industrial Commission* v. *Davison,* 118 Ohio St., 180, 160 N. E., 693, injury, resulting in death, occurring immediately before delivering an address incidentally promoting the employer's interests; *Industrial Commission* v. *Henry,* 124 Ohio St., 616, 180 N. E., 194, fatal injury after beginning work and while returning thereto after eating breakfast at a nearby restaurant in accordance with sanctioned custom; *Kasari* v. *Industrial Commission,* 125 Ohio St., 410, 181 N. E., 809, 82 A. L. R., 1040, fatal injury on employer's premises while enroute to place of work; *Spicer Mfg. Co.* v. *Tucker,* 127 Ohio St., 421, 188 N. E., 870, death from infection following vaccination during working hours, which vaccination was ordered by employer; *Outland* v. *Industrial Commission,* 136 Ohio St., 488, 26 N. E. (2d), 760, fatal injury while at home to procure material for soliciting business for employer; *Parrott* v. *Industrial Commission,* 145 Ohio St., 66, 60 N. E. (2d), 660, injury while on premises of employer to collect wages after termination of employment; *DeStefano* v. *Alpha Lunch Co.,* 308 Mass., 38, 30 N. E. (2d), 827, contraction of trichinosis by eating a meal provided by employer, while off duty; *Meyer* v. *Roettale,* 64 S. D., 36, 264 N. W., 191, a member of threshing crew, who, as an incident to his employment, ate poisoned food; *Goodyear Aircraft Corp.* v. *Industrial Commission,* 62 Ariz., 398, 158 P. (2d), 511, warehouse guard, required to eat his lunch on premises, injured by explosion of cola bottle; *Flanagan* v. *Charles E. Green & Son,* 122 N. J. Law, 424, 5 A. (2d), 742, employee, after eating his lunch, went into unlighted room to wash milk bottle and tripped over a stool; *Tscheiller*

v. *National Weaving Co., Inc.,* 214 N. C., 449, 199 S. E., 623, employer sold employee meal coupon books with which employee bought food from another employee during working hours and became ill from eating impure food.

In *Industrial Commission* v. *Henry, supra,* the court did not consider the *Barber case* applicable because the right of way of the railroad upon which the employee was killed was not under the control of the employer, but nevertheless allowed recovery upon the basis that the nature of employment, the hours of service, the condition of the premises, and the location of the tracks which the employee was obliged regularly and continuously to cross, subjected him to a degree of exposure to the common risk beyond that to which the general public was subjected. In the *Henry case,* prior to the accident, the employee had already entered upon his employment and after having his breakfast was traveling the most direct route to perform the next necessary act in the course of such employment. In support of its reasoning, the court cited *Cudahy Packing Co.* v. *Parramore,* 263 U. S., 418, 68 L. Ed., 366, 44 S. Ct., 153, 30 A. L. R., 532, in which the Supreme Court says at pages 424 and 426:

"The fact that the accident happens upon a public road or at a railroad crossing and that the danger is one by which the general public is likewise exposed is not conclusive against the existence of such causal relationship, if the danger be one to which the employe, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree.
"* * *

"Here the location of the plant was at a place so situated as to make the customary and only practicable way of immediate ingress and egress one of hazard. * * * He had no other choice than to go over the railway tracks in order to get to his work; and he was in

effect invited to do so by his employer * * * as a necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected. * * *

''We attach no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work and was, therefore, to that extent, outside the specified hours of employment. The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable time for that purpose.'"

In the *Henry case* the court also concluded that the hazard of the track (over which the employer had no control) adjacent to the plant constituted a hazard of employment for men who, as an incident of their work, after their work had begun, customarily with the consent of their employer went across the tracks to get their breakfast in the early morning hours.

In *Kasari* v. *Industrial Commission, supra,* the court approved the pronouncement of the United States Supreme Court under the Federal Employer's Liability Act that employees injured while on the way to work, after reaching the premises of the employer, are within the course of employment, but the Ohio Supreme Court refrained from declaring a universal rule that the hazards begin in all instances at a point where the employee crosses the line of the employer's premises. In referring to the *Barber case,* the court says at page 412:

''The question of control only entered into consideration of that case [Barber] because the workman was injured outside the premises of the employer. * * *

---

'But see comment by Matthias, J., in *Industrial Commission* v. *Baker,* 127 Ohio St., 345, 350, 351.

"* * * This fact, however, does not avoid the obvious holding in that case [Barber] that the hazards do begin before the employe has reached the plant, and *even before he has reached the premises.* The further fact that the employer in that case had a certain control over the zone outside the enclosure, and that the employer failed to provide separate sidewalks for pedestrians, *is not decisive or even important.*" (Emphasis supplied.)

In *Industrial Commission* v. *Baker* (1933), 127 Ohio St., 345, 188 N. E., 560, the court reiterated that an injury sustained by an employee after reaching the zone of employment under the control of his employer, even though outside the enclosure constituting his place of work, is compensable, but held that the statute contemplates only those hazards to be encountered by the employee in the discharge of the duties of his employment and does not embrace risks and hazards such as those of travel to and from his place of actual employment over streets and highways which are similarly encountered by the public generally. See, also, *Industrial Commission* v. *Heil,* 123 Ohio St., 604, 176 N. E., 458; and *Walborn* v. *The General Fireproofing Co.,* 147 Ohio St., 507, 72 N. E. (2d), 95.

In *Gregory* v. *Industrial Commission* (1935), 129 Ohio St., 365, 195 N. E., 699, the court says at page 369:

"In 49 A. L. R. at page 433, the general proposition is laid down, as follows:

" 'It is generally held that an injury sustained by a miner, while proceeding, on the premises of his employer, to his place of employment, or an injury sustained while preparing to begin his day's work * * * arises out of and in the course of the employment, within the meaning of the act.'

"This is rather a broad statement, but the Ohio authorities are in accord with it in the main."

In the *Gregory case* the assault resulting in the death of the employee occurred on the employer's premises within approximately 200 yards of the barn where the ponies the employee drove and attended were kept, and 250 yards from the mine.

In *Merz* v. *Industrial Commission* (1938), 134 Ohio St., 36, 15 N. E. (2d), 632, zone of employment is defined as the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, *under the control of the employer.* This definition was not carried into the syllabus of the case, but in the opinion the court further says at page 39:

"In *Kasari* v. *Industrial Commission, supra,* the court, commenting on this phase of the *Barber case,* stated that the above rule was based on the principle that the zone of employment was under the control of the employer."

In *Krovosucky* v. *Industrial Commission* (1943), 74 Ohio App., 86, 57 N. E. (2d), 607, recovery was allowed an employee who, prior to commencing work, parked his automobile on grounds separated from the entrance to the place of employment owned by the employer who permitted, but exercised no control over, such parking, and was injured by tripping over an icy rut in such grounds. See, also, *Spellman* v. *Industrial Commission* (1943), 73 Ohio App., 369, 51 N. E. (2d), 414.

In the instant case it may be inferred that whatever arrangement was made between the employer and the Sun Oil Company with respect to the parking of employees' cars was for the convenience of the employer as well as the employees in the conduct of the work at the plant. The employer, a subcontractor, exercised no control over the parking lot or even over any portion of the premises of the Sun Oil Company within its enclosure, except possibly that portion upon

which the work was performed. As is the *Henry case,* the *Barber case* is, therefore, inapplicable except as an illustration of the principle that an injury is compensable when incurred in a pursuit or undertaking consistent with the contract of hire and which in some logical manner pertains to or is incidental to the employment. *Sebek* v. *Bronze Co., supra.*

Many years ago the Supreme Court adopted the test of the right to an award as conditioned upon whether the employment had some causal connection with the injury, either through its activities, its conditions, or its *environments. Industrial Commission* v. *Weigandt, supra.* Or as more recently expressed—if the injury follows as a natural incident of the work and as a result of exposure occasioned by the nature, conditions and *surroundings* of the employment. *Sebek* v. *Bronze Co., supra.*

The evidence received on behalf of the claimant was unrebutted and no disputed question of fact was presented for determination. Upon this record it is, therefore, concluded that reasonable minds could reach but one conclusion—that claimant's injury was incurred in the course of and arose out of his employment.

The judgment of the Common Pleas Court is reversed and final judgment entered for the plaintiff.

*Judgment reversed.*

CONN and DEEDS, JJ., concur.