482 P.2d 897

James O. WYCKOFF, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Pima County Board of Supervisors, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 434.

Court of Appeals of Arizona, Division 1, Department A.

March 25, 1971.

Rehearing Denied April 13, 1971.

Review Denied May 11, 1971.

Price, Tinney, Lindberg & Gianas, by William A. Tinney, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, for respondent.

Robert K. Park, Chief Counsel, by J. Victor Stoffa, Phoenix, for respondent carrier.

CASE, Judge.

Petitioner was at the time of his injury the Under Sheriff of Pima County, Arizona. He worked a regular nine-hour shift; however, his position required him to be "on call" at all times and he was expected to perform the duties of a sheriff no matter what the hour or day if such necessity should arise.

On November 24, 1968, he had an argument with his housekeeper, Catherine Lanahan, with whom on previous occasions he

had been intimate. This argument took place at petitioner's home and apparently stemmed from some remark that he had made concerning his housekeeper's daughter. The evidence indicates that subsequent to the argument the housekeeper went to her room, obtained a pistol and called petitioner to her room. Upon arrival and seeing her with a pistol in her hand, he slammed the door to her room and ran down the hall to his own room, hearing a shot fired as he went down the hall. He went into his room, shut the door and immediately heard another shot pierce his bedroom door from the hall. He testified that he ran to his bureau, grabbed his pistol and holster so as to preclude the housekeeper from obtaining the gun. At about the same time a third shot was fired from outside his home through the window into his room.

He then attempted to leave his home through the kitchen door but in attempting to do so he was shot in the back of the neck. He is presently paralyzed and confined to a wheelchair as a result of his injury. The housekeeper was later convicted of assault with intent to commit murder.

The Commission found that petitioner's injury did not arise out of or in the course of his employment. This appeal followed.

## WAS PETITIONER IN THE COURSE AND SCOPE OF HIS EMPLOYMENT AT THE TIME HE WAS SHOT?

Petitioner contends that he was carrying out his duties as a police officer at the time of his injury. In support of this contention he offers his own testimony as to his purpose in leaving the bedroom and running toward the kitchen:

"A: I wanted some room. I wanted to get outside. I was going to, but I couldn't use my car radio. What I wanted to do was to get to the neighbors to get to the telephone, get a car out there for assistance, because in my opinion Mrs. Lanahan didn't know what she was doing; she needed assistance, psychiatric assistance, and I wanted to take her to the county hospital.

Q: You weren't trying to get to an area where you were in a position to shoot her, were you?

A: No sir, I was going to get to an area where I could get some help.

Q: When you ran from that house, were you trying to get away from her?

A: Yes, sir."

In further support of his contention, petitioner invites our attention to the testimony of the Sheriff of Pima County to the effect that petitioner had a duty to attempt to obtain assistance and to calm the circumstances as they existed by taking the housekeeper into custody and delivering her to the Pima County Hospital, and further to the effect that had petitioner not done what he testified he was in the act of doing he would have been derelict in his duty.

Our Supreme Court in the case of Buick v. Industrial Commission, 82 Ariz. 129, 309 P.2d 257 (1957), denied compensation when it was shown that petitioner was participating in an undertaking in no way connected with his employment. In that case the claimant, a Phoenix city policeman, was injured while off duty and on a picnic. He had taken an automatic pistol (not the type of pistol used while on duty) with him. The pistol accidently discharged causing injury. He contended that because he was required to take certain police action on any matter coming to his attention at *any* time and was required to be armed in order to carry out that responsibility, that he was therefore within the course and scope of his employment. The Court in that case stated:

"As has been noted by this court in the past, the Act is not an insurance law which requires an employer to compensate every injury suffered by one whom he employs, as there must be a causal connection between the employment and the injury. See: Application of Bar-

rett, 78 Ariz. 219, 223, 278 P.2d 409, 411, and Muchmore v. Industrial Commission of Arizona, 81 Ariz. 345, 306 P.2d 272, 276." 82 Ariz. at 133, 309 P.2d at 259–260.

Our Supreme Court in the City of Phoenix v. Industrial Commission, 104 Ariz. 120, 122, 449 P.2d 291, 293 (1969), stated:

"'We believe a fair interpretation of the term "arising out of" to be that the cause producing the accident must flow from a source within the employment. That source must have its situs in some risk inherent in the employment or incidental to the discharge of the duties thereof. In other words there must be some causal relation between the employment and the injury. Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188.' "

In Loveless v. Industrial Commission, 6 Ariz.App. 345, 432 P.2d 600 (1967), we held that an injury sustained by a person who was on duty 24 hours a day as watchman was non-compensable when his son accidently discharged a firearm belonging to claimant, because claimant's activity was personal in nature.

The crux of the instant case is whether petitioner's activity was of a personal nature unrelated to his employment. We believe that it was.

In his text on Workmen's Compensation Law, Larson states:

"When the animosity or dispute that culminates in an assault is imported into the employment from claimant's domestic or private life, and is not exacerbated by the employment, the assault does not arise out of the employment under any test. Even the broadest of all, the but for or positional test, rules out compensability because this test applies only when the risk is 'neutral'." 1 Larson's Workmen's Compensation Law, § 11.21 at 171–72 (1968).

The fact that petitioner was employed as a deputy sheriff can in no way be said to have caused his injuries.

' A review of the evidence in the instant case points up quite clearly that this unfortunate occurrence stemmed from a personal or private quarrel between petitioner and his housekeeper. We quote with approval from the Referee's report in this matter wherein it is stated:

"It is illogical to assume that at some specific point in the course of this transaction applicant changed from a participant in a domestic argument to one acting in his official capacity as Under Sheriff."

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.