673 P.2d 310

ESTATE OF Walter SIMS, Deceased, Collette M. Sims, Widow, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Greyhound Lines, Inc., Respondent Employer,

Greyhound Lines, Inc., Respondent Carrier.

No. 1 CA–IC 2754.

Court of Appeals of Arizona, Division 1, Department C.

July 26, 1983.

Rehearing Denied Sept. 8, 1983.

Review Denied Oct. 4, 1983.

Lawrence Ollason, Tucson, for petitioner.

James A. Overholt, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, Christine A. Coffey; Phoenix, for respondent employer and respondent carrier.

## OPINION

CORCORAN, Judge.

This is a special action review of an October 29, 1981 Industrial Commission award for a noncompensable claim. The central issue is whether the deceased employee's death arose out of his employment. The petitioner, his surviving widow, also raises due process and full faith and credit issues. Because the employee's death did not arise

out of the employment, the petitioner was given due process, and full faith and credit is inapplicable to this case, we affirm the award.

The petitioner's decedent, a driver-trainee, was sent by the employer Greyhound to Los Angeles, California for training. The employer paid for a hotel room for him there. On April 4, 1980, he was scheduled for a training run in the late evening or the following early morning. At approximately 5:00 p.m. he was resting in his room when his brother-in-law shot and killed him.

The brother-in-law had a history of mental illness. In 1979, the decedent and petitioner invited him to live with them in Tucson. He lived with them for six to eight months, but tension developed and he was asked to leave.

On April 3, 1980, the brother-in-law was in Los Angeles. No explanation for his presence there is of record. He called the decedent at his hotel room and arranged to meet him there. Later that day, he came there and borrowed money.

The next day, at approximately 5:00 p.m., the brother-in-law again called the decedent at his hotel room. The decedent's roommate took the call and told the brother-in-law that the decedent was in his room resting. The brother-in-law arrived about five minutes later. The roommate left them alone in the room.

Shortly thereafter, while departing from the hotel, the roommate heard several shots and cries for help. He then saw the brother-in-law hurriedly leaving the hotel. They talked and the brother-in-law stated in effect that the decedent would no longer cheat on the petitioner.

The brother-in-law was tried for murder in California. In bifurcated proceedings, he was found guilty of second degree murder and later not guilty by reason of insanity. This judgment was affirmed on appeal. *People v. Pollard,* 123 Cal.App.3d 623, 176 Cal.Rptr. 726 (Sept. 16, 1981).

The petitioner's claim for widow's benefits was denied. Pending the scheduled hearing, the respondent carrier tendered for filing selected parts of the criminal trial transcript. The petitioner objected and tendered the whole transcript. The administrative law judge (A.L.J.) refused both tenders pursuant to rules 403, 801 and 804, Arizona Rules of Evidence. The petitioner then tendered for filing the decision of the California Court of Appeal affirming the judgment. The employer-carrier had no objection and the decision was filed.

After the hearing, the administrative law judge issued the award for a noncompensable claim. This was affirmed on administrative review, and this special action followed.

On appeal, the petitioner first argues that she had a constitutional due process right to the admission of the whole criminal trial transcript. Although the employer-carrier denies this argument is properly presented, *see generally Stephens v. Industrial Commission,* 114 Ariz. 92, 559 P.2d 212 (App. 1977) (the issue must be raised before the Industrial Commission to be raised on appeal), we reach the merits of the argument.

█ The transcripts were properly excluded as hearsay. Rule 801. Assuming the transcripts were otherwise relevant (including the testimony of three psychiatrists), it was within the discretion of the A.L.J. to exclude them. Rule 403. His decision will not be set aside on appeal unless the discretion is clearly abused. *See State v. Clark,* 126 Ariz. 428, 616 P.2d 888 cert. denied 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). We find no abuse of discretion in this case. The A.L.J. correctly concluded that the admission of the whole criminal trial transcript created the dangers of confusion, delay, and needless presentation of cumulative evidence. Furthermore, the argument by petitioner that the admission of the California Court of Appeal decision constituted "selective admission of documentary evidence" or "an erroneous partial exclusion of proffered documentary evidence" is sheer bootstrapping. The A.L.J. excluded the entire criminal trial transcript. The California appellate court decision was admitted only when the petitioner offered

it without objection. Rule 106 is inapplicable.

The petitioner next argues that the Industrial Commission award failed to give full faith and credit to the California criminal judgment. U.S. Const. art. IV, § 1. That clause is simply inapplicable. This clause prevents relitigation of issues that have been determined between parties by a valid sister state judgment. The issues involved in the brother-in-law's criminal trial are wholly distinct from the issues involved in the petitioner's claim for widow's benefits under Arizona's Workmen's Compensation Act. Furthermore, because the employer and carrier were not parties to the California criminal proceedings, collateral estoppel is inapplicable. *See Restatement (Second) of Judgments* § 29 (1982).

The petitioner next argues that her claim was compensable. To prove a compensable claim, the petitioner had to prove that the decedent's death arose out of and in the course of his employment. A.R.S. § 23–1021(A); *Royall v. Industrial Commission,* 106 Ariz. 346, 476 P.2d 156 (1970). Injuries that are the result of a personal venture do not arise out of the employment because they are not caused by it. *See Peetz v. Industrial Commission,* 124 Ariz. 324, 604 P.2d 255 (1979). This rule directly applies to employees who are assaulted while in the course of their employment. If the assault is personally motivated and not exacerbated by the employment, the assault does not arise out of the employment. *See Epperson v. Industrial Commission,* 26 Ariz.App. 467, 549 P.2d 247 (1976); *Toler v. Industrial Commission,* 22 Ariz. App. 365, 527 P.2d 767 (1974); *Wyckoff v. Industrial Commission,* 14 Ariz.App. 288, 482 P.2d 897 (1971); 1 A. Larson, *Workmen's Compensation Law* § 11.21 (1982). By definition, if the employee is assaulted by a third person "because of his employment," the injury both arises out of and in the course of employment. A.R.S. § 23–901(12)(b), Laws 1982, ch. 215, § 2.

In the present case, the personal motivation for the brother-in-law's assault on the decedent is undeniable. The brother-in-law's legal insanity in California does not alter this personal motivation. Whether the brother-in-law was sane or insane, the fact remains he killed the decedent for personal reasons completely unrelated to the decedent's employment.

The petitioner's reliance on *Toler* is misplaced. There, the claimant was assaulted by an inebriated co-employee. They had no relationship outside of the employment. The court applied the general rule that an assault by a crazed or completely inebriated co-employee is compensable when the employment is the sole link between the victim and the attacker. Thus, *Toler* is consistent with the general rule applicable to the present case.

At oral argument it was suggested that *Special Fund of the Industrial Commission v. Catalina Trucking Co.,* 134 Ariz. 585, 658 P.2d 238 (App.1982) has some application to this appeal. In *Catalina Trucking* this court held that the claimant's injuries as a truck driver were compensable where he inadvertently interrupted an armed robbery at a truck stop and was assaulted. We concluded that the injuries "arose from a risk incidental to the discharge of his duties as a truck driver." 134 Ariz. at 588, 658 P.2d at 241. In this case decedent was killed by his brother-in-law because of a personal motivation which was in no way incidental to his duties as a bus driver.

Lastly, the petitioner argues that the claim is compensable under the positional risk doctrine. We need not address this argument in detail because this case does not involve a positional risk. The positional doctrine applies only to neutral risks. *See generally* 1 A. Larson, *supra,* §§ 6.50, 7.30, 11.16(c). The brother-in-law's personally motivated attack was not a neutral risk, but rather a personal one.

The award finding the claim is noncompensable is affirmed.

BROOKS, P.J., and JACOBSON, J., concur.