858 P.2d 661

DEPENDABLE MESSENGER, INC., Petitioner Employer,

State Compensation Fund, Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

John Jordan, Respondent Employee.

No. 1 CA–IC 91–0212.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 26, 1993.

Review Denied Sept. 30, 1993.

Doherty, Alex & Tadano by Andrew R. Alex, Scott A. Ambrose, Phoenix, for petitioner employer.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Jerome, Gibson, Stewart, Friedman & Stevenson, P.C. by R. Scott Currey, Richard A. Gibson, Phoenix, for respondent employee.

## OPINION

EHRLICH, Presiding Judge.

This is a review of an Industrial Commission award for a compensable claim. John Jordan instigated a fight over a parking space that he knew he had no right to have. The administrative law judge ("A.L.J.") decided that Jordan's resulting injury was compensable because the altercation had occurred on his employer's premises during working hours and was not motivated by any animosity that he had imported to the workplace. We conclude, however, that the facts compel the contrary conclusion that the injury neither arose out of nor occurred in the course of Jordan's employment. Accordingly, we set aside the award.

## FACTS AND PROCEDURAL HISTORY

Jordan worked as a delivery driver for Dependable Messenger, which supplied him with a van and access to a parking lot for his personal vehicle. One of Dependable's owners also owned another messenger service located in the same building. This other service used independent contractors who had access to the same parking lot.

Although ample and objectively similar parking was available to everyone with access to the parking lot, Jordan had an unexplained personal preference for one particular parking spot. In fact, about four months before the fight at issue, Jordan had had a dispute with another person over this spot. At that time, the owner had reminded Jordan that parking was unassigned and that he had no priority if someone else parked in his favorite space.

On June 19, 1990, Jordan arrived at the parking lot at about 10:30 p.m. One of the independent contractors, Steve Dawson, had already parked in Jordan's preferred spot and entered the building. Jordan parked in a nearby spot, checked in for work and began loading Dependable's van outside the building. He then interrupted his work, reentered the building and asked Dawson to move his vehicle. Dawson said that he would move it after he had finished copying his itinerary. Jordan returned to loading his van but, dissatisfied with Dawson's response, he again entered the building and demanded that Dawson immediately move his vehicle. When Dawson continued copying instead, Jordan loudly swore at and threatened him. The two men left the building. Dawson backed his vehicle into an adjoining space and Jordan moved his vehicle into the space that Dawson had vacated. A scuffle between the men ensued, during which Jordan stubbed his toe on a curb and tore a callus.

Jordan filed a claim for workers' compensation benefits, alleging that he had injured his toe at work. After hearings on the matter, the A.L.J. accepted Dawson's corroborated account of the incident and found that Jordan had been the aggressor who had ignored a written company policy against fighting and a previous reminder that he was entitled to no particular parking spot despite his preference. In deciding that the claim nonetheless was compensable, the A.L.J., citing *Burnett v. Industrial Comm'n*, 158 Ariz. 548, 764 P.2d 33 (App.1988), reasoned:

> the evidence of record simply does not support a finding that [Jordan's] animosity and willingness to dispute a parking

space to which he had no greater right than any other employee—no matter how otherwise inexplicable—was an animosity imported to the work place; rather, the evidence shows that [Jordan] initiated a dispute, resulting in his injury, on the employer's time and premises, with a fellow worker, with regard to an employer-provided and controlled parking space....

The award was affirmed on administrative review. Dependable then brought this special action.

## DISCUSSION

■ To be compensable, an injury must both arise out of and be sustained in the course of employment. *E.g., Royall v. Industrial Comm'n*, 106 Ariz. 346, 349, 476 P.2d 156, 159 (1970); *Nowlin v. Industrial Comm'n*, 167 Ariz. 291, 293, 806 P.2d 880, 882 (App.1990); *see* Arizona Revised Statutes section 23–1021. In general terms, an injury arises out of employment if it is caused by a work-related risk. *E.g., Hartford Accident and Indemnity Co. v. Industrial Comm'n*, 126 Ariz. 309, 311, 614 P.2d 851, 853 (App.1980). It is sustained in the course of employment if the time and place of injury and the activity causing it are work-related. *E.g., Peter Kiewit Sons' Co. v. Industrial Comm'n*, 88 Ariz. 164, 168, 354 P.2d 28, 30 (1960). In determining "whether the necessary degree or quantum of 'work-connection' is established to bring the claimant under the coverage of the Act," we consider both elements independently and as related. *Royall*, 106 Ariz. at 350, 476 P.2d at 160. Although we defer to the A.L.J.'s factual findings, we independently determine whether the injury arose out of and in the course of employment. *E.g., Finnegan v. Industrial Comm'n*, 157 Ariz. 108, 109, 755 P.2d 413, 414 (1988). A claimant's status as the aggressor does not affect the compensability of his injury. *E.g., Colvert*

*v. Industrial Comm'n*, 21 Ariz.App. 409, 411, 520 P.2d 322, 324 (1974).

### A. Arising Out of Employment

■ On review, Dependable argues that Jordan's injury did not arise out of his employment because it was the result of a personally-motivated assault. Jordan responds that the injury did stem from his employment because it occurred on the employer's premises during working hours, involved a dispute over an employer-provided parking space and was the result of a spontaneous dispute between co-workers. Citing *Toler v. Industrial Comm'n*, 22 Ariz.App. 365, 527 P.2d 767 (1974), he argues that Arizona applies the positional risk doctrine under which an assault is considered to arise out of employment unless it is purely personal in the sense that it results from an imported conflict or a private relationship.

An assault arises out of employment if its nature or setting increases the risk of assault, the subject-matter of the assault is work-related or, in an increasing number of jurisdictions, the strain of enforced contact among workers provokes the assault. 1 Arthur Larson, *The Law of Workmen's Compensation*, §§ 11.00–11.23 (1992). Conversely, then, privately-motivated assaults do not arise out of employment. *Id.* In Arizona, such noncompensable privately-motivated assaults historically have been confined to personal conflicts imported to the workplace. *See Estate of Sims v. Industrial Comm'n*, 138 Ariz. 112, 115, 673 P.2d 310, 313 (App.1983) (brother-in-law murdered employee at work because of family dispute); *Epperson v. Industrial Comm'n*, 26 Ariz.App. 467, 469, 549 P.2d 247, 249 (1976) (husband assaulted wife at work regarding domestic problem); *Wyckoff v. Industrial Comm'n*, 14 Ariz.App. 288, 290, 482 P.2d 897, 899 (1971) (while on call, employee assaulted by personal housekeeper at home regarding personal dispute).[1] Thus, although the assault in this

---

1. Larson defines this class more expansively than has the Arizona caselaw to include both imported conflicts and assaults resulting from essentially private business between individuals who happen to have met at work. 1 Larson,

*supra*, §§ 11.21, 11.22. But even this expanded definition is inapplicable to the current case because Jordan's altercation with Dawson was unrelated to a private relationship between them. Rather, Jordan fought Dawson solely

case had a strong personal component, it was not noncompensable because privately-motivated.

We disagree with Jordan, however, that Arizona, unlike some other jurisdictions, *see* 1 Larson, *supra*, § 11.16(c), applies the positional risk doctrine to assaults.[2] *Toler* involved a claimant who, while using a restroom on a scheduled break, was assaulted by an inebriated co-worker who accused the claimant of stealing from his liquor supply. Although the court noted the positional risk test, it specifically did not adopt it for analysis of assault injuries. 22 Ariz.App. at 368, 527 P.2d at 770. Instead, in finding the injury to be compensable, the court analogized the case to one involving an assault by an insane co-worker. *Id.*

Similarly, the court in *Colvert*, 21 Ariz. App. at 410–411, 520 P.2d at 323–24, acknowledged, but did not apply, the positional risk doctrine. In that case, a dispute arose when, during the unloading of bales from a truck, one employee struck another with a bale and a fight began. Although recognizing it, the court did not apply the positional risk doctrine, finding that the fight arose out of employment because it was related to the performance of work. *Id.*

In its recognition of the positional risk doctrine, Arizona has limited its application to "neutral injuries," injuries "neither distinctly personal to claimant nor associated with the employment." *See Circle K Store 1131 v. Industrial Comm'n*, 165 Ariz. 91, 96, 796 P.2d 893, 898 (1990); *Estate of Sims*, 138 Ariz. at 115, 673 P.2d at 313 (same). In fact, *Toler*, by its analogy to an assault by an insane co-worker, may be analyzed in terms of a neutral risk. *See* 1 Larson, *supra*, § 11.32(a). Therefore we must consider other factors to determine whether the injury arose out of Jordan's employment. The compensable assaults in

*Colvert*, 21 Ariz.App. at 411, 520 P.2d at 324, and *Burnett*, 158 Ariz. at 552, 764 P.2d at 37, arose out of work-related disputes. The court in *Colvert* had "no hesitancy in holding that [the claimant's] injuries arose out of a work-related disagreement." 21 Ariz.App. at 411, 520 P.2d at 324. In *Burnett*, a store clerk was hit with a snowball by a non-employee acquaintance while the clerk was performing his work. Angry words were exchanged and a fight developed; the clerk died as a result. The court found that while the clerk employed unauthorized means in attempting to stop the non-employee's actions, his goal of restoring peace was sanctioned by his employer. Therefore, the death resulted from a work-related disagreement and was compensable. 158 Ariz. at 552, 764 P.2d at 37.

Jordan's actions, on the other hand, cannot be justified as an attempt to achieve a goal of his employer as Jordan admitted that he was aware that he had no right to a particular parking space. In addition, the confrontation was neither caused by objective stresses arising out of a work situation nor was it a spontaneous fight closely entwined with the work itself. *Cf. Pickett v. Industrial Comm'n*, 98 Ohio App. 372, 129 N.E.2d 639 (1954) (victim in spontaneous fight over spot in large employee parking lot suffered compensable injury). Jordan and Dawson were not even co-employees, only workers for different services in the same building, and Jordan's injuries were due only to his personal preference for a particular parking place for his private vehicle. This parking spot was neither related to his work nor did his employment create the situation. *E.g., Royall*, 106 Ariz. at 349, 476 P.2d at 159 (injury not compensable merely because it occurred during work hours and on work premises); *City of Phoenix v. Industrial Comm'n*, 104 Ariz. 120, 123, 449 P.2d 291, 294 (1969)

because Dawson parked in Jordan's preferred spot.

**2.** The positional risk doctrine also is referred to as the "but for" test. "An injury arises out of the employment if it would not have occurred *but for* the fact that the conditions and obligations

of the employment placed claimant in the position where he was injured." *Circle K Store #1131 v. Industrial Comm'n*, 165 Ariz. 91, 96, 796 P.2d 893, 898 (1990), quoting 1 Larson, *supra*, § 6.60 at 3–6 through 3–7 (emphasis original).

(same). Accordingly, Jordan's injury did not arise out of his employment.

## B. In The Course of Employment

Dependable also argues that Jordan's injury did not occur in the course of his employment because it involved horseplay and his intentional disobedience of company policies regarding parking and fighting. Jordan disagrees. According to him, any disregard of company policies did not make his injury noncompensable because the fight was not due to imported problems but centered around an employer-provided parking space and occurred during work hours and on work premises, thus sustained in the course of his employment.

Although we already have determined that Jordan's injury did not arise out his employment, thus making his claim non-compensable, we proceed with an analysis of whether the injury occurred in the course of his work to illustrate why the injury is not covered by workers' compensation. *See Royall*, 106 Ariz. at 350, 476 P.2d at 160 (consideration of how elements relate to one another). We consider the time, place and circumstances of the injury in relation to employment in determining whether the injury arose in the course of the claimant's employment. *E.g., Circle K*, 165 Ariz. at 94, 796 P.2d at 896.

An injury occurs in the course of employment if it happens when an employee is doing what a person so employed may reasonably do within work hours and at a place where he may reasonably be during that time. *City of Phoenix*, 104 Ariz. at 122, 449 P.2d at 293. An injury is not compensable merely because it occurred during work hours and on work premises. *E.g., Royall*, 106 Ariz. at 349, 476 P.2d at 159; *City of Phoenix*, 104 Ariz. at 123, 449 P.2d at 294.

An activity which is in the course of employment normally has connotations of benefits to an employer, rather than purely personal benefits to an employee. *E.g., Anderson Clayton & Co. v. Industrial Comm'n*, 125 Ariz. 39, 41–42, 607 P.2d 22, 24–25 (App.1979). Engagement in a specif-ically-prohibited action usually is outside the course of employment. *E.g., Scheller v. Industrial Comm'n*, 134 Ariz. 418, 420, 656 P.2d 1279, 1281 (App.1982). The test cited in *Burnett* implies that a fight which is not spontaneous or closely entangled with work is outside, or at most slightly within, the course of employment. 158 Ariz. at 552, 764 P.2d at 37. Indeed, Larson observes that "when an employee takes the trouble to leave his duties and seek out his enemy in the basement of the building where he works, there is a real basis for saying he abandoned his employment in the process." 1 Larson, *supra,* § 11.15(a) at 3–243.

Although the altercation between Jordan and Dawson occurred on work premises during work hours, neither the motivation for the act nor the act itself resulted in any benefit to Dependable. *Cf. Burnett*, 158 Ariz. at 552, 764 P.2d at 37 (claimant's unauthorized means of stopping disturbance done to attain employer's goal of restoring order). In fact, both the claim of a particular parking space and the fighting violated company policy. In addition, this was not a spontaneous fight as Jordan, after checking-in and beginning work, left his duties to confront Dawson, an employee of another company, regarding moving his personal vehicle. As there was no job-related reason for Jordan to park his personal vehicle in any particular space, this activity was not entwined with his employment. Accordingly, Jordan's injury also did not occur in the course of his employment.

## CONCLUSION

In order for a claim to be compensable, the injury must both arise out of and occur in the course of employment. Because Jordan's injury met neither of these criteria, we set aside the award.

GARBARINO and JACOBSON, JJ., concur.