533 P.2d 1161

**Robert L. STEPHENSON, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Concrete Designs, Respondent Employer,**

**Employers Mutual Liability Insurance Company of Wisconsin, Respondent Carrier.**

**No. 1 CA–IC 1077.**

Court of Appeals of Arizona, Division 1, Department C.

April 17, 1975.

Rehearing Denied June 4, 1975.

Review Denied July 1, 1975.

level of lunch time recreational activity at the time Stephenson was injured, it is undisputed that such activity had gone on for years and had included baseball, touch football and basketball. The employer encouraged the activity, thinking it to be good for morale to the extent that it may have lessened his turnover rate, he participated himself when time permitted, and he furnished the bulk of the equipment, including the basketball backboard and hoop.

Although the employees were free to leave the premises during lunch, at least one had to remain to answer the telephone and provide customer service as needed. However, the employees, including Stephenson, generally brought their lunch to work and ate on the premises.

█ In the strict sense of the decisions in Arizona, we do not treat this case as an "on the employer's premises" problem. The holding establishing this rule in Arizona is a clear one:

> *"We hold that when an employee is going to or coming from his place of work and is on the employer's premises* he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be."
> Pauley v. The Industrial Commission of Arizona, 109 Ariz. 298, 302, 508 P.2d 1160, 1164 (1973). (Emphasis added.)

Stephenson was not going to or coming from work. He was already at work, he intended to stay there, and as far as the record reflects, except for the technical property title issue, the recreation situs was used by the employer as of right. The situs of the injury was regularly used by the employer for business purposes as a site to store waste materials and for noon-time recreational activities. We perceive the critical fact as being the nature of the activity involved and not the strictly fortuitous circumstance of Stephenson bending down to pick up the ball on that por-

Davis & Eppstein by Robert W. Eppstein, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Shimmel, Hill, Bishop & Gruender, P. C. by J. Russell Skelton, Phoenix, for respondents employer and carrier.

## OPINION

NELSON, Presiding Judge.

This appeal presents the Court with a case of first impression in Arizona: may an injury received during a voluntary recreational activity which takes place partially on and partially off the employer's immediate premises at lunch time, be considered an industrial injury "arising out of and in the course of employment"? Answering this general question in the affirmative, we find under the facts of this case that the injury is compensable, and therefore, we must set aside the award of the Industrial Commission of Arizona.

Robert L. Stephenson (Stephenson), petitioner, was playing "catch" with a co-employee during his lunch break when he herniated a lumbar disc as he bent over to pick up the baseball. While there is some conflict in the testimony as to the precise

tion of the land not then owned by the employer.

In *Pauley*, supra, the Supreme Court cites with approval this statement from Royall v. The Industrial Commission of Arizona, 106 Ariz. 346, 476 P.2d 156 (1970) which, although involving another allied area, the "personal comfort" rule, and not involving any question of employer's premises as such, is instructive of the underlying foundation for all of these doctrines:

"'[T]he source of injury was sufficiently associated with the employment as to constitute a risk to which claimant was subjected in the course of her employment, and to which she would not have been subjected had she not been so employed.' 106 Ariz. at 351, 476 P.2d at 161." 109 Ariz. at 302, 508 P.2d at 1164 (1973).

See also: Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953); Goodyear Aircraft Corporation v. Gilbert, 65 Ariz. 379, 181 P.2d 624 (1947).

This Court, in a recent decision involving the death of a car salesman while driving a dragster supplied by his employer, upheld the Industrial Commission's award of benefits to the widow. Truck Insurance Exchange v. The Industrial Commission of Arizona, 22 Ariz.App. 158, 524 P.2d 1331 (1974). Judge Jacobson discusses generally the requirement of "arising out of and in the course of employment", including the time, place and circumstances questions relating to the "in the course of" portion, and the causal relationship between the employment and the injury relating to the "arising out of" portion of the test. In expanding the discussion of outside activities (in that case, as here, the activity was both recreational and personally enjoyable) the Court's language is very helpful:

"What 'circumstances' can cause activity to fall within the course of employment, although the activity is not generally activity for which the employee was employed, can best be ascertained by asking the following questions: Did the activity inure to the substantial benefit of the employer? [Citation omitted]. Was the activity engaged in with the permission or at the direction of the employer? [Citation omitted]. Did the employer knowingly furnish the instrumentalities by which the activity was to be carried out? [Citation omitted]. Could the employee reasonably expect compensation or reimbursement for the activity engaged in? [Citation omitted]. And, finally, was the activity primarily for the personal enjoyment of the employee? [Citation omitted].

"If the circumstances show that the answers to these questions *reveal sufficient indicia of employment-related activity,* generally the activity will be held to be within the course of the original employment." [Citation omitted]. 22 Ariz.App. at 160, 524 P.2d at 1333 (1974). (Emphasis supplied.)

▪ In view of the language contained in *Pauley, Royall,* and *Truck Insurance Exchange,* supra, it is apparent that in these situations not totally associated with the specific work the employee was hired to perform, whether the; be matters of personal comfort, going to or coming from the work site, partly personal or partly employment-related, recreational, or otherwise, it is a matter of the totality of the circumstances as they impact upon the employment relationship which determines whether an injury is compensable as arising out of and occurring within the course of the employment. While the presence or absence of one factor may be the controlling issue in any given case, *Pauley,* supra, generally an analysis of all the circumstances will be required to come to the proper conclusion. *Royall,* supra; *Truck Insurance Exchange,* supra. See also, particularly as to factors in recreation cases: 1 Larson's Workmen's Compensation Law, § 22.

▪ Applying this law to the facts before us, there are not only sufficient, but ample indicia of employment-related activity. While no specific employee was required to remain at the place of business

during lunch, at least one had to be present for business purposes, i.e., customer service and telephone coverage. Providing recreational equipment and encouraging its use served several potential interests of the employer. It boosted morale and camaraderie among his employees; it may have influenced the reduced turnover rate as revealed in the testimony; and it certainly made the requirement that at least on employee remain on the premises for business purposes during lunch time less onerous and more easily enforced. While the activity was voluntarily entered into and involved personal enjoyment and satisfaction, we believe that an employee so engaged could reasonably understand himself to be about his employer's business, albeit on an interruptible lunch break. Truck Insurance Exchange v. The Industrial Commission of Arizona, supra. Assuming, as we have done, that the exact location of the injury was not on premises owned by the employer, that factor alone is not absolutely controlling, as it was in *Pauley,* supra, since it was clearly the nature of the activity, i.e., the efforts involved in playing catch, rather than any inherent risk in the non-owned premises, i.e., the ditch in *Pauley,* which exposed Stephenson to this risk to which he would not have been subjected had he not been so employed. Royall v. The Industrial Commision of Arizona, supra.

A consideration of all the factors in this case leads us to the conclusion, as a matter of law, that the accident and its resulting injury arose out of and occurred in the course of Stephenson's employment.

The award is set aside.

STEVENS, J., concurs.

WREN, Judge (dissenting).

Compensation is being approved for an accident which occurred off the employer's premises, while the employee was engaged in a personal recreational activity on his noontime luncheon break. In my opinion, such a decision is not in accord with the principles enunciated in Pauley v. Industri-

al Commission, supra, and can find no support in Arizona industrial law. The factual determinations of the majority opinion that the accident was an "employment related activity" are not in accord with the following findings of the hearing officer:

"5. That the subject industrial injury did not occur on the employer's premises, and the recreation in which the applicant was involved was not a regular incident of employment, but was engaged in, or refrained from, at the employee's pleasure and on a voluntary basis.

"6. That the applicant was on an unpaid lunch hour. That the applicant was free to remain on the premises for lunch or to go elsewhere, as he might choose.

"7. That the defendant employer did not expressly or impliedly make participation in lunchtime athletics or recreation a part of the employee's services or duties.

"8. That the defendant employer did not derive any substantial direct benefit from the recreational activity in which the applicant was involved at the time of his injury."

I believe these findings are clearly supported by the evidence and should not be set aside. See Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968).

In *Pauley,* the employee was injured while crossing a ditch in a park adjacent to the employer's premises for the purpose of buying ice cream for her personal use. In addressing himself to the off-premise injury, Justice Struckmeyer stated:

"[W]here an employee is free to leave his employer's premises for a limited period for lunch or refreshments and he suffers an injury while off the employer's premises, he is not from these facts alone in the futherance [sic] of his employment and his injury is not subject to a hazard arising out of the employment when off the employer's premises. [Citations omitted] We recognize that there is a distinct, modern trend to en-

large the area of compensation to injuries occurring while off the employer's premises, [citation omitted] *but we think workmen's compensation should not be expanded to injuries sustained while off the employer's premises, when the hazards encountered are not peculiarly within the employer's control."* 109 Ariz. at 302, 508 P.2d at 1164. (Emphasis added.)

The Court in *Pauley* acknowledged that the result would have been different had it been established that the ditch was upon the employer's premises. It is rather ironic to note that under *Pauley*, which established the on-premises exception to the "going and coming" rule, if the employee here had been on his way to work at the time and place he sustained his injury, it would have been non-compensable. Can it be that a noontime recreational activity occurring on a lot adjacent to the employer's premises is a more "employment related" activity than going to work across the same lot? The facts in the case before us do not justify such an assault on the rationale and dictum of *Pauley*.

The majority opinion cites 1 Larson's Workmen's Compensation Law, § 22, as supporting its conclusions. An examination of this section of the treatise, however, reveals that the instant factors do not support any of the requirements therein. Larson's first test in discussing recreational injuries is that the accident "[o]ccur on the premises . . . as a regular incident of the employment." This accident did not occur on the employer's premises.

An alternative test set forth by Larson is that "The employer, by expressly or impliedly *requiring* participation . . . brings the activity within the orbit of the employment." (Emphasis added.) Again, the employer did not require participation in noon hour athletics, either expressly or impliedly, and did not make the activity part of the employee's services to be performed.

Under the third alternative test set forth by Professor Larson there was no showing here that the employer "[derived] substantial direct benefit from the activity *beyond the intangible value of improvement in employee health and morale* that is common to all kinds of recreational and social life." (Emphasis added).

The petitioner did not carry his burden of showing the recreational activity he was engaged in at the time of his injury was part of his employment, even accepting the tests set out in Larson as the applicable law in Arizona. The decision rendered today places Arizona in the anomalous position of having an "on-premise" requirement for injuries sustained while having lunch, Nicholson v. Industrial Commission, supra, Royall v. Industrial Commission, supra; going to or coming from work, *Pauley,* supra; engaging in personal comfort acts, *Pauley,* supra, *Nicholson,* supra, Pottinger v. Industrial Commission, 22 Ariz. App. 389, 527 P.2d 1232 (1974); but not as to engaging in noontime recreational activities.

In 1 Larson's Workmen's Compensation Law, § 22.11 the following statement is found:

"It has been repeatedly and consistently observed that in borderline course-of-employment situations, such as going and coming, or having lunch, the presence of the activity on the premises is of great importance. *Consistency is maintained by applying the same distinction to recreation cases:* recreational injuries during the noon hours on the premises have been held compensable in the majority of cases, while, as noted in connection with the other situations mentioned, there is a tinge of the arbitrary about this distinction; there is also a sound basis in both theory and reality for it." (Emphasis added).

Larson, supra, § 22.00, also notes:

"A comparatively recent development in the 'employment environment' is the widespread and increasing prevalence of recreational activities sponsored, encouraged, or permitted in varying degrees by employers. These activities range all the way from financing a world famous bas-

ketball team to holding a three-legged race at the company picnic. Although the cases in this field are relatively new, the principles at stake are closely analogous to those which have been discussed in connection with lunchtime injuries going and coming and personal comfort cases . . . . ."

It is of course true that there is no "rule of thumb" that an injury is compensable merely because it was incurred during working hours or within the linear measurements of the employer's premises. *Royall*, supra. It is also true that more and more generous expansions of coverage appear in the cases. Furthermore, it has become an axiom that the Compensation Act should be given a liberal construction with a view to effectuating the evident principle of placing the burden of death and injury upon industry. Clearly we are in an area where there can be no categorical test. Much compensation law has grown up around factual rather than legal classifications, and the difficulty of the case at bar is enhanced by the absence of judicial precedent in this jurisdiction. The problem lies in applying the requisite principles of law to the facts, especially when, as here, the accident is not due to a risk inherent in the nature of the employment but is merely incidental thereto.

But it is readily apparent that each of the Arizona decisions on the subject is threaded with the proposition that activities which are only incidental to the performance of the employee's duties, such as seeking personal comfort, going to or coming from work, engaging in recreation and the like, fall completely short of satisfying the "course of employment" test unless they occur on the premises of the employer. The decision laid down today clouds this line of demarcation.

The fact that the employer here consented to or even encouraged the game of catch being played is not enough. The activity was not even on his land. Since the employee was free to leave the premises at noontime he could engage in any activity he wished. Further, he was not required or expected to play ball as a part of his employment and he did so at his pleasure and on his own time.

We are constantly paying lip service to the proposition that the Workmen's Compensation Act is not a general health and accident insurance policy. I would find it difficult to insert that phrase into the decision being rendered by this court. The act is being given the generous interpretation proscibed by our Supreme Court in *Nicholson*.

I would affirm the award.