■ In the Matter of the Claim of CHARLES ORBON, Respondent, v PINE LANE POULTRY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 15, 1979, which held that claimant's accidental injuries arose out of and in the course of his employment. Claimant had worked for the employer herein for approximately 12 years when, on September 18, 1976, he sustained injuries to his lower back and pelvis when the employer's tractor which he was operating toppled over. Generally, claimant's duties consisted of helping to load and unload trucks and cleaning up and apparently did not include the operation of the employer's tractors. Moreover, the employer testified that it was a strict rule that employees were not to operate the employer's equipment without permission. In the present instance, however, a coemployee of claimant came to the employer's premises on his day off to pick up some tree branches for use as firewood, and in the process of doing this, his truck became mired in mud. As a result he asked for assistance, and claimant was injured while operating the tractor in an attempt to extricate the truck and thereby help his coemployee. Apparently, both employees and the general public were permitted to collect scrap wood on the employer's premises. The sole question presented on this appeal is whether substantial evidence supports the board's ruling that claimant's injuries arose out of and in the course of his employment, and an examination of the record reveals sufficient evidentiary support for the challenged ruling. In this case there is evidence that claimant went to the aid of his coemployee in the presence of and with at least the implied consent of his supervisor. Moreover, even without the acquiescence of the supervisor, it is clear that a claim for compensation is not necessarily defeated because a claimant violates a rule of his employer, particularly in a situation like the present one where the claimant might justifiably have assumed that his employer would have countenanced a departure from the rules so that aid could be given to a coemployee *(Matter of Feldman v A. B. C. Vending Corp.,* 12 NY2d 223). Claimant's actions could also be seen as intended to benefit the employer in that claimant was attempting to clear the employer's premises of a vehicle that was stuck and his assistance to a coemployee

would likely aid employee morale. Under the circumstances presented, claimant's acitivities which resulted in his injuries were certainly reasonable, and, therefore, the board's finding of compensability should not be disturbed (cf. *Matter of Dolan v Crawford & Co.,* 41 AD2d 870; *Matter of Anadio v Ideal Leather Finishers,* 32· AD2d 40, mot for lv to app den 25 NY2d 737). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.