755 P.2d 413

Peter FINNEGAN, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Mike's Auto Parts & Repair, Respondent Employer,

Comstock Insurance Company, Respondent Carrier.

No. CV–87–0262–PR.

Supreme Court of Arizona, En Banc.

June 2, 1988.

Chris T. Johnson, P.C. by Chris T. Johnson, Phoenix, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent.

Jones, Skelton & Hochuli by Calvin Harris, Phoenix, for respondent employer/carrier.

HOLOHAN, Justice.

Claimant, Peter Finnegan, petitions this court to review a memorandum decision of the Court of Appeals affirming a denial of workman's compensation benefits by the Industrial Commission of Arizona (ICA). *Finnegan v. Industrial Commission*, 1 CA–IC 3564 (filed May 28, 1987). The only issue we must determine is whether claimant's injury arose in the course of his employment. Since we find that it did, we vacate the decision of the Court of Appeals and set aside the award of the Industrial Commission.

Claimant, a garage mechanic, had been employed at Mike's Auto Parts & Repair (Mike's) as a mechanic for approximately 18 months when he was injured. On the day of the injury, Mike's had closed for the business day. Shortly after closing, claimant began assisting Dennis Harrington, a co-worker, in repairing the transmission in Harrington's car. While they were attempting to remove the transmission, the jack slipped out from under the car and the car rolled off the ramp on top of claimant, crushing him beneath it. Claimant sustained serious injuries to his left side.

Claimant filed a claim which was denied by the carrier and thereafter a formal hearing was held. At the hearing it was established that Harrington had received permission from the shop's owner to stay after work and use the owner's facilities and tools to repair his car. Harrington was not expected to pay for his use of the facilities and would receive no additional compensation for his after hours work. It was further established that Mike's owner allowed his employees to work on their cars in the shop after normal working hours and assumed that claimant would help Harrington because the two were good friends.

The administrative law judge found that the act of working on the car was of no benefit to the shop's owner, was done after hours and was work for which claimant would not have been paid. Therefore, the law judge concluded: the injury did not take place in the course of employment, did not arise out of it and was noncompensable.

■ Generally, this court will not set aside an Industrial Commission decision if it is reasonably supported by the evidence and we will review the evidence in the light most favorable to sustaining the evidence. *Salt River Project v. Industrial Commission*, 128 Ariz. 541, 627 P.2d 692 (1981). However, where the material facts are undisputed, the question of whether an employee was injured in the course of employment becomes a question of law. *Wesolowski v. Industrial Commission*, 99 Ariz. 4, 405 P.2d 887 (1965).

In the present case, the material facts are undisputed. Claimant was working after hours for the personal benefit of his co-employee.[1] The uncontroverted facts

---

1. While claimant contested this issue at the hearing, he concedes this point in his petition for review.

show that Mike's had a policy permitting its employees to work on their cars after hours. Furthermore, it was established that neither claimant nor Harrington were to be compensated for their after hours work. Therefore, it is a question of law whether claimant's injury occurred in the course of employment.

■ For an injury to be covered by Arizona's Workmen's Compensation Act (the Act) it must "arise out of" and be sustained "in the course of" an activity related to the claimant's employment. A.R.S. § 23–1021(A); *Gaumer v. Industrial Commission*, 94 Ariz. 195, 382 P.2d 673 (1963). Whether an activity is related to the claimant's employment—making an injury sustained therein compensable—will depend upon the totality of the circumstances. *Royall v. Industrial Commission*, 106 Ariz. 346, 476 P.2d 156 (1970); *Stephenson v. Industrial Commission*, 23 Ariz.App. 424, 533 P.2d 1161 (1975).

■ Both the Court of Appeals and the administrative law judge centered their analysis on whether claimant's injury took place during business hours and whether claimant was working in the scope of his employment. We reject this analysis. It is the rule in this state, as well as other jurisdictions, that so long as an injury is related to the claimant's employment it is compensable even when it occurs after normal working hours. *Globe Indemnity Co. v. Industrial Commission*, 23 Ariz.App. 109, 530 P.2d 1142 (1975); *Osbun v. Workers' Compensation Appeals Board*, 93 Cal. App.3d 163, 155 Cal.Rptr. 748 (1979); *Ramczik v. Winona Mach. & Foundry Co.*, 174 Minn. 156, 218 N.W. 545 (1928). Furthermore, the issue is not whether the injury occurred within the *scope* of employment, but whether it occurred in the *course* of employment. *Nemeth v. Michigan Building Components*, 390 Mich. 734, 213 N.W.2d 144 (1973).

In *Nemeth*, the injured employee received his employer's permission to stay after hours and use an upright radial saw he used during regular hours to do some work for a fellow employee. Thirty-five minutes after his check-out time, Nemeth severely injured his hand while operating the saw, resulting in the amputation of four of his fingers. The Michigan Supreme Court reversed a determination that the injury was noncompensable, reasoning as follows:

"For the purposes of the compensation act the concept of course of employment is more comprehensive than the assigned work * * *. Course of employment is not scope of employment. The former, as the cases so clearly reveal, is a way of life in a working environment. If the injury results from the work itself, or from the stresses, the tensions, the associations, of the working environments, human as well as material, it is compensable." (*Crilly v. Ballou*, 353 Mich. 303, 326, 91 N.W.2d 493, 505 [1958]).

Clearly, Nemeth's injury "arose" out of the employment relationship. We are also persuaded that it occurred in the "course"—the "flow" (The Oxford Universal Dictionary), the "path, route or channel" (The Random House Dictionary)—of the worker's employment; it resulted from "the associations, of the working environments, human as well as material." *Crilly v. Ballou, supra,* p. 326, 91 N.W.2d p. 505.

But for the employment relationship, Nemeth probably would not have been importuned by the fellow employee to use the saw and, but for the employment relationship, he would not have been allowed to use either the employer's saw or his premises for this purpose.

In real terms, there is little difference between Nemeth's injury and an injury sustained during horseplay on the employer's premises (*Crilly v. Ballous* [sic], *supra*) . . . in which [case] compensation has been awarded. [Footnote omitted.] 213 N.W.2d at 145.

The *Nemeth* court compared the action of the employer in allowing his employee to use the equipment after hours to employer-sponsored social affairs, both of which "similarly [serve] to promote and maintain good employer-employee relationships." 213 N.W.2d at 146. The court concluded that:

[T]here is a sufficient nexus between the employment and the injury in a case where an employee sustains an injury while using the equipment provided by the employer or the employer's premises so that recovery should be allowed even though the injury occurred after regular working hours and the equipment was being used for a purpose other than the manufacture of the employer's products. [footnote omitted]

213 N.W.2d at 146. *Accord, Lippman v. Biennier Transportation Co.,* 10 N.Y.2d 757, 219 N.Y.S.2d 608, 177 N.E.2d 50 (1961) (death of mechanic resulting from injury sustained while the mechanic was repairing a fellow employee's automobile after working hours, and after he had received express permission from the employer to repair the automobile during working hours, held compensable); *Olsen v. State Accident Insurance Fund,* 29 Ore.App. 235, 562 P.2d 1234 (1977) (injury arose out of and in course of employment when employee hurt himself while fixing co-employee's bicycle during lunch hour on the employer's premises, and with supervisor's acquiescence).

Arizona law is in accord with the above authority. Our Court of Appeals, for example, found "ample indicia of employment-related activity," where an employee injured himself during his lunch hour while playing "catch" with a co-employee. *Stephenson v. Industrial Commission,* 23 Ariz.App. 424, 426, 533 P.2d 1161, 1163. There the employer had encouraged such activity at lunch time for years, had provided the necessary equipment and, when time permitted, had himself participated. In finding the injury to be compensable, the Court of Appeals stated:

[I]t is a matter of the totality of the circumstances as they impact upon the employment relationship which determines whether an injury is compensable as arising out of and occurring within the course of employment.

23 Ariz.App. at 426, 533 P.2d at 1163.

This court has also found that an employee is entitled to compensation when he sustains his injury during a reasonable and anticipated use of the employer's premises. *Hunley v. Industrial Commission,* 113 Ariz. 187, 549 P.2d 159 (1976). We have found that where the employees' acts are performed with the implied consent of the employer, injuries sustained therefrom are in the course of employment. *Scott v. Rhyan,* 78 Ariz. 80, 275 P.2d 891 (1954); *see also, Orbon v. Pine Lake Poultry,* 77 A.D.2d 752, 431 N.Y.S.2d 184 (1980). This latter rule is equally applicable when the employee is engaged in an act solely for his own benefit but done with his employer's permission. *Goodyear Aircraft Corp. v. Gilbert,* 65 Ariz. 379, 181 P.2d 624 (1947). We have also held, as the cases involving employees entering or leaving the premises suggest, that it is unnecessary for the employee to be engaged in activity for which he receives compensation when an injury occurs in the course of employment. *Peter Kiewit Sons' Co. v. Industrial Commission,* 88 Ariz. 164, 354 P.2d 28 (1960).

■ In our view there is "sufficient indicia of employment related activity," *Stephenson,* 23 Ariz.App. at 426, 533 P.2d at 1163, or "a sufficient nexus between the employment and the injury," *Nemeth,* 213 N.W.2d at 146, to find that this injury occurred in the course of claimant's employment. While the evidence did support the findings that claimant was working after hours for the personal benefit of his co-employee, the activity had the express approval of the employer, the employer's equipment was being used with his permission, and it was the employer's policy to allow his employees to work on their own cars after hours. In essence, it was a fringe benefit employees received for working at the shop. We agree that employee morale is, in fact, an indirect benefit to the employer, and we see no reason to distinguish between the type of activity involved here and the recreational activity involved in *Stephenson.* As recognized in *Nemeth,* but for the employment relationship, claimant would not have assisted Harrington in repairing his car nor would he have been allowed to use his employer's equipment or his premises for this purpose.

We conclude that the claim was compensable. The memorandum decision of the Court of Appeals is vacated, and the award is set aside.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON ·and MOELLER, JJ., concur.