15 P.3d 276

**BERGMANN PRECISION, INC.,**
**Petitioner Employer,**

**State Compensation Fund,**
**Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION**
**OF ARIZONA, Respondent,**

**Joseph T. Biritz, Respondent Employee.**

**No. 1 CA–IC 99–0173.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 7, 2000.

James F. Crane, Chief Counsel, State Compensation Fund, Phoenix, by Kent M. Struckmeyer, Attorneys for Petitioner's Employer and Carrier.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Ronald M. Meitz, Phoenix, Attorney for Respondent Employee.

## OPINION

LANKFORD, Presiding Judge.

¶ 1 This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a compensable claim. The dispositive issue is whether a local traveling salesman departs from the course of his employment when he crosses the street to return to his vehicle after a lunch break. We hold that the employee was in the course of employment and that his claim is compensable. We therefore affirm the award and decision upon review.

¶ 2 The relevant facts are as follows. Respondent Employee ("Claimant") worked for Petitioner Employer as a salesman. About seventy-five percent of his time involved travel. The employer paid Claimant a salary plus commissions, leased his vehicle, and reimbursed fuel expenses. The employer reimbursed meal expenses only if Claimant traveled overnight. Although the employer did not require Claimant to have a cellular telephone, Claimant testified that such a phone was indispensable, and the employer paid the basic monthly charge for this phone.

¶ 3 Claimant resided in Tempe, but the employer's business premises were located in south-central Phoenix. Although he occasionally made business telephone calls while driving to work, Claimant usually began his day working briefly in the office. He then departed to make in-person business calls.

¶ 4 Claimant followed his usual routine on the day of his injury. When he left the employer's premises, he intended to visit a customer at Indian School Road and 44th Street in Phoenix, invite him for lunch, and then travel to the Scottsdale Air Park to solicit business. When he arrived, however, the customer had already ordered take-out food and declined Claimant's lunch invitation.

¶ 5 Claimant drove west on Indian School Road to a restaurant one block beyond the Squaw Peak Parkway, his intended route to the Scottsdale Air Park. The restaurant was on Indian School Road near the northeast side of 16th Street. Unable to park on the north side of Indian School Road, Claimant parked across the street to the south. During lunch, he made two business telephone calls and reviewed a directory of Scottsdale Air Park businesses.

¶ 6 The accident occurred as Claimant departed the restaurant. He waited for east-west traffic to clear. When he saw that traffic had cleared, he attempted to cross Indian School Road outside a nearby crosswalk to reach his vehicle parked on the south side. Just a foot or two from the safety of the southern curb, a vehicle struck Claimant and caused serious injuries.[1] The driver had

---

1. Claimant's failure to use the crosswalk violated   traffic laws. *See* Ariz.Rev.Stat.Ann. § 28–793(A)

made a left turn from 16th Street onto Indian School Road.

¶ 7 Petitioner Carrier ("the Fund") denied the compensation claim. After conducting a hearing consisting of Claimant's testimony and receiving post-hearing memoranda, the administrative law judge ("ALJ") issued an award for a compensable claim. The ALJ found Claimant credible and decided that Claimant was in the course of his employment when he called on the client and then proceeded to the Scottsdale Air Park and that the lunch stop was not a substantial deviation. The ALJ summarily affirmed this award on administrative review.

¶ 8 The Fund timely filed a special action petition. *See generally* Arizona Revised Statutes Annotated ("A.R.S.") § 23–943(H) (1995). This Court has jurisdiction under A.R.S. sections 12–120.21(A)(2) (1992), 23–951(A) (1995), and Rule 10 of the Arizona Rules of Procedure for Special Actions.

¶ 9 The issue is whether the accident occurred in the course of employment. A compensable accident must both arise out of and occur in the course of employment. *See* A.R.S. § 23–1021(A) (1995). In general, an accident "arises out of" employment if its origin or cause is work-related; it occurs "in the course of employment" if the time, place, and circumstances of injury are employment related. *See, e.g., Circle K Store No. 1131 v. Indus. Comm'n,* 165 Ariz. 91, 94, 796 P.2d 893, 896 (1990). We defer to the ALJ's reasonably supported factual findings, *see, e.g., Adams v. Indus. Comm'n,* 147 Ariz. 418, 421–22, 710 P.2d 1073, 1076–77 (App. 1985) (discussing deference to credibility finding), but we independently determine whether the facts as found support the ALJ's legal conclusion that the claim is compensable. *See, e.g., Noble v. Indus. Comm'n,* 188 Ariz. 48, 51, 932 P.2d 804, 807 (App.1996) (independently determining whether after-

hours accident occurred in course of employment).

¶ 10 The Fund asserts that Claimant's injury was noncompensable because it occurred during a lunch break off the employer's premises. This argument assumes that a local traveling worker such as Claimant should be treated as a fixed site worker rather than as an overnight traveling worker. While a fixed site worker's departure from work could defeat the "in the course of employment" requirement of compensability,[2] the rule for overnight traveling workers is different. Such workers remain within the course of employment continuously during their travel, even when eating and sleeping, except when a "distinct departure on a personal errand" has occurred. 2 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 25.01, at 25–1 to 25–2 (2000); *see also Buczynski v. Indus. Comm'n of Utah,* 934 P.2d 1169, 1172–74 (Utah Ct. App.1997) (discussing "continuous coverage" rule for overnight traveling workers and citing cases from several jurisdictions).

¶ 11 Overnight traveling employees would be covered for precisely the injury suffered by the Claimant here. Such employees

> usually do receive protection when the injury has its origin in a risk created by the necessity of sleeping and eating away from home.... So when a traveling employee slips in the street, *or is struck by an automobile when traveling on foot* or is involved in an accident while driving between the hotel and a restaurant, the injury has been held compensable....

2 Larson & Larson, *supra,* § 25.03[1], at 25–4 to 25–4.1 (emphasis added).

¶ 12 Arizona has long followed this rule for overnight traveling workers. Such workers are continuously within the course of their employment while traveling, including sleeping in hotels and eating in restaurants.

---

(1998). It is unclear whether the driver could have avoided the accident, *see* A.R.S. § 28–794(1) (1998), or whether he improperly turned into the curb lane occupied by Claimant. *See* A.R.S. § 28–751(2) (1998).

2. Because we find a traveling worker's situation different from that of a fixed site worker, we are

unpersuaded by the fixed site cases upon which the Fund relies. *See, e.g., Williams v. Indus. Comm'n,* 194 Ariz. 99, 977 P.2d 821 (App.1999) (injuries during lunch breaks off employer's premises were not compensable); *Pauley v. Indus. Comm'n,* 109 Ariz. 298, 508 P.2d 1160 (1973) (same).

*See, e.g., Montgomery v. Indus. Comm'n,* 173 Ariz. 106, 110, 840 P.2d 282, 286 (App.1992) (citing *Peterson v. Indus. Comm'n,* 16 Ariz. App. 41, 43–44, 490 P.2d 870, 872–73 (1971), which quoted Larson treatise with approval).

¶ 13 Although we have uncovered no prior Arizona case involving local business travel, the great weight of authority elsewhere is that the same rule applies to local business travel. *See, e.g., Bedwell v. Brandywine Carpet Cleaners,* 684 A.2d 302, 304–06 (Del.Super.Ct.1996) (local travel by carpet cleaners); *Ford v. Bi–State Dev. Agency,* 677 S.W.2d 899, 901–02 (Mo.Ct.App.1984) (local bus driver); *Pac. Power & Light v. Jacobson,* 121 Or.App. 260, 854 P.2d 999, 1000 (1993) (local travel by lineman). Indeed, we have found no authority to the contrary. Moreover, the rationale for the rule is the same for local travel as for overnight travel:

> [W]hen the travel is essentially part of the employment, the risk [of injury during activities necessitated by travel] remains *an incident* to the employment even though the employe[e] may not actually be working at the time of the injury.

*Buczynski,* 934 P.2d at 1174 (quoting *State Accident Ins. Fund Corp. v. Reel,* 303 Or. 210, 735 P.2d 364, 367 (1987)) (emphasis added by *Buczynski* court).

¶ 14 The ALJ correctly determined that Claimant remained within the course of his employment during his lunch break. His business travel was a normal and substantial part of his work. In this instance, his intended travel was extensive: from Tempe to south-central Phoenix,[3] from there to central Phoenix, and from there to north Scottsdale. Given the extent and nature of Claimant's travel, he reasonably stopped to have lunch.[4] This break was not a deviation from the course of his employment.[5]

¶ 15 The Fund nevertheless contends that Claimant's injury is noncompensable because it arose not from his employment but from risks created by his personal choices to eat at one particular restaurant and to cross the road outside the crosswalk. We disagree.

¶ 16 Claimant's choice of a restaurant does not render his injury noncompensable. The majority rule does not preclude personal choice. *See, e.g.,* 2 Larson & Larson, *supra,* § 25.03[1], at 25–4.1 (stating that an accident is compensable even though occasioned by an extended trip to fulfill the employee's desire to eat at a particular restaurant). By declining to eat take-out food and instead choosing to eat at a restaurant near his intended route to north Scottsdale, Claimant neither abandoned the course of his employment nor created a wholly personal risk of accidental injury.

■ ¶ 17 Claimant's failure to use the crosswalk did violate traffic law. But even if this violation causally contributed to the accident, the violation does not defeat compensability absent an express statutory defense. *See* 2 Larson & Larson, *supra,* § 37.02, at 37–4. Arizona has no express statutory defense for a violation of law. *See id.* § 37.04, at 37–9 to 37–10.

■ ¶ 18 Nevertheless, a worker can act so unreasonably that the worker's choice of method of performing personal comfort activity constitutes a deviation from the course of employment and creates a wholly personal risk. *See, e.g., Rodriguez v. Indus. Comm'n,* 20 Ariz.App. 148, 150–51, 510 P.2d 1053, 1055–56 (1973) (holding that taking unreasonably dangerous route to bathroom was outside course of employment); *accord* 2 Larson & Larson, *supra,* § 21 .08 at 21–42.[6] Although we agree with the Fund that jaywalk-

---

3. Although a fixed site worker's commute to work is outside the course of employment, *see, e.g.,* 1 Larson & Larson, *supra,* § 13.01[1], at 13-2 to 13-3, a traveling worker's commute to the employer's premises in a vehicle used for business travel is within the course of employment. *See, e.g., id.* § 15.05, at 15–12.

4. Although Claimant performed some work during his lunch stop, this fact is not essential to our disposition.

5. The ALJ found that the lunch stop was not a "substantial deviation from employment." We hold that it was not a deviation at all, but fully within the course of employment.

6. *Rodriguez* involved a fixed site worker, and Larson states a general rule regarding personal comfort activities. We believe the principle applies equally to traveling workers who may act so unreasonably that they step outside the course of employment.

ing is risky conduct, we disagree that Claimant's conduct was so unreasonable that it amounted to a deviation from the course of employment. *Cf. Sherrill & LaFollette v. Herring,* 78 Ariz. 332, 336–37, 279 P.2d 907, 909–10 (1955) (holding that injury was in course of employment when driver completed diversion to a tavern and returned to travel required by employment and then caused accident by running a stop sign).

■ ¶ 19 To constitute a deviation, the activity must be "so remote from customary or reasonable practice that . . . [it] cannot be said to be [an] incident[ ] of the employment." 2 Larson & Larson, *supra,* § 21.08[1], at 21–43. "[T]he danger alone should not disqualify the activity, if it is usual, normal or reasonable in the circumstances." *Id.* § 21.08[4][b], at 21–47. While jaywalking is hazardous, it is not such an unusual or abnormal activity that it necessarily constitutes a deviation from employment. Moreover, the facts of this case suggest that the Claimant's conduct was not exceptionally hazardous. He ensured that the roadway was clear of traffic and was struck by a vehicle turning from another street. That collision occurred only a foot or two from the safety of the curb and may have been attributable in part to the driver's conduct.

¶ 20 For these reasons, we agree with the ALJ that Claimant's accident arose out of and in the course of his employment. Although our rationale expands upon that given by the ALJ, we nevertheless will affirm an award that has reached the correct result. *Salt River Project v. Indus. Comm'n,* 126 Ariz. 196, 200, 613 P.2d 860, 864 (App.1980). We accordingly affirm the award and decision upon review.

CONCURRING: ANN A. SCOTT TIMMER, Judge, and SUSAN A. EHRLICH, Judge.