NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

JOSEPH SVIENTY, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CORRPRO COMPANIES, INC., *Respondent Employer,*

LIBERTY MUTUAL CORP., *Respondent Carrier*.

No. 1 CA-IC 14-0034
FILED 1-6-2015

———————————————

Special Action - Industrial Commission
ICA Claim No. 20131-690204
Carrier Claim No. WC608-A7253

Robert F. Retzer, Administrative Law Judge

**AWARD AFFIRMED**

———————————————

COUNSEL

Taylor & Associates, PLLC, Phoenix
By Dennis R. Kurth
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Klein, Doherty, Lundmark, Barberich & LaMont, PC, Phoenix
By Lisa M. LaMont
*Counsel for Respondents Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D**, Judge:

**¶1**         This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a noncompensable claim. The issue to be resolved is whether the administrative law judge ("ALJ") erred by finding that the petitioner employee's ("claimant's") injury did not arise out of his employment. Because the ALJ did not err, we affirm the Award.

## I. Jurisdiction and Standard of Review

**¶2**         This court has jurisdiction pursuant to Arizona Revised Statute ("A.R.S.") sections 12-120.21(A)(2) (West 2014), 23-951(A), and Arizona Rule of Procedure for Special Actions 10 (2009).[1] On appeal, this court defers to the ALJ's reasonably supported factual findings, but independently reviews whether a claimant's injury arose out of and in the course of his employment, a question of law. *See, e.g., Finnegan v. Indus. Comm'n*, 157 Ariz. 108, 109, 755 P.2d 413, 414 (1988).

## II. Procedural and Factual History

**¶3**         Respondent employer Corrpro Companies, Inc. ("Corrpro") hired claimant to work in its lightning protection division. After completing required training and certification, he was sent to Arkansas as part of a Corrpro team to help install a lightning protection system. Several days into the job, after using a small hand-held jackhammer, claimant began to experience back pain. He returned to the hotel where the team was housed during the project, and when he bent over to remove his work

---

[1]         Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

boots, he experienced a sudden onset of excruciating back pain and lost control of his bladder.

¶4         Claimant returned to Phoenix and sought medical attention. A magnetic resonance imaging ("MRI") with contrast revealed neurological damage, and he underwent lumbar surgery.  Claimant filed a workers' compensation claim, which was denied by the respondent carrier, Liberty Mutual Corp. ("Liberty Mutual"), and he timely requested an ICA hearing.

¶5         The ALJ held two hearings and heard testimony from claimant and three of his coworkers.  Both parties filed legal memoranda, and the ALJ entered an award for a noncompensable claim.  After noting consideration of the legal memoranda, the ALJ stated:

> 5. After a careful review of all the evidence,  the undersigned is more persuaded by Defendant Insurance Carrier's Memorandum and therefore finds that the Applicant did meet the in the course and scope of but not the arising out of requirement for a compensable claim.

Claimant requested administrative review, but the ALJ summarily affirmed the Award.  Claimant next timely sought review by this court.

### III. DISCUSSION

¶6         To be compensable, an injury must arise out of and in the course of employment.  *See* A.R.S. § 23-1021(A). "Arising out of" is defined as the origin or cause of the injury.  *Royall v. Indus. Comm'n,* 106 Ariz. 346, 349, 476 P.2d 156, 159 (1970); *Goodyear Aircraft Corp. v. Gilbert*, 65 Ariz. 379, 383, 181 P.2d 624, 626 (1947). "In the course of" pertains to the time, place, and circumstances of the accident in relation to the employment[2].  *Royall*, 106 Ariz. at 349, 476 P.2d at 159; *Goodyear Aircraft Corp*, 65 Ariz. at 383, 181 P.2d at 626.  These tests are interrelated, but each must be evaluated and satisfied independently.  *See Noble v. Indus. Comm'n,* 188 Ariz. 48, 52-53, 932 P.2d 804, 808-09 (App. 1996) (stating that the arising out of and in the course of tests are not independent, but are both part of a single test known as the "quantum theory of work connection."); *Circle K. Store No. 1131 v. Indus.*

---

[2]     The Arizona Supreme Court has held that "the issue is not whether the injury occurred within the *scope* of employment, but whether it occurred in the *course* of employment," since course of employment is a broader concept. *Finnegan,* 157 Ariz. at 110, 755 P.2d at 415.

*Comm'n,* 165 Ariz. 91, 94, 796 P.2d 893, 896 (1990); *Nowlin v. Indus. Comm'n,* 167 Ariz. 291, 293, 806 P.2d 880, 882 (App. 1990).

**¶7**        Claimant argues the ALJ erred by finding that the movement of bending over to take off his work boots did not arise out of his employment under the overnight traveling employee rule.  He asserts that the rule provides a traveling employee continuous coverage for all activities throughout his trip, absent a distinct departure on a personal errand.

**¶8**        This court recognized the overnight traveling employee rule in *Peterson v. Indus. Comm'n*, 16 Ariz. App. 41, 490 P.2d 870 (1971). The rule provides that when an employee's work requires travel away from the employer's premises, the employee remains in the course of his employment for the duration of the trip absent purely personal deviations. 16 Ariz. App. at 44, 490 P.2d at 873.

**¶9**        In *Peterson*, the traveling employee was required to stay in out-of-town lodging overnight.  During the night, he caught his head between the slats of the headboard and suffocated.  We recognized the difficulty of applying the arising out of and in the course of tests when "the accident is not due to a risk inherent in the nature of the employment but is merely incidental thereto." 16 Ariz. App. at 43, 490 P.2d at 872.  But we concluded that a "period of sleep is necessarily incidental to the work of a traveling employee required to take overnight lodging away from his home." *Id.* at 44, 490 P.2d at 873. *See also Bergmann Precision, Inc. v. Indus. Comm'n*, 199 Ariz. 164, 15 P.3d 276 (2000) (local traveling salesman struck by car while crossing street after lunch break remained in the course of his employment).  For that reason, the claimant was in the course of employment while sleeping at the hotel.

**¶10**        In this case, the overnight traveling employee rule placed the claimant in the course of employment at the time he bent over to take off his work boots, but it does not answer the separate question of whether claimant's movement in taking off his boots arose out of his employment. Whether the risk of injury arose out of the employment requires an examination of the origin and work connection of the risk.  The origin of a risk may be wholly work-related, wholly personal, neutral, or mixed (i.e., both work-related and personal). *See* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* §§ 4.01 to -.04 (2013).  The nature of the work connection, ranging from strongest to weakest, may be peculiar (exposure to risk only at work), increased (greater quantity of exposure to risk at work), actual (exposure at work but not greater than when not

working), or positional (random exposure to risk connected to work only by time and place). *See id.* §§3.02 to -.05.

**¶11**        Within this legal framework, we need to examine the facts surrounding claimant's injury as found by the ALJ. In that regard, he adopted Liberty Mutual's post-hearing memorandum which relied on Terry McLean, M.D.'s August 7, 2013 independent medical examination ("IME") report.[3] These facts established that claimant experienced severe low back and right leg pain on May 21, 2013, while assisting his father-in-law remodel a bathroom. He was carrying fifty gallon garbage cans of old tile to a dumpster. Claimant saw a chiropractor later that day, stating that his pain was a "10 out of 10." He testified that after seeing the chiropractor, he felt better until he bent over to remove his work boots in the Arkansas motel room and experienced excruciating pain.

**¶12**        Dr. McLean opined that claimant herniated his L5-S1 lumbar disk in May 2013, while working on the remodeling project. The doctor stated that when claimant bent over in Arkansas, he "aggravated the preexisting disk herniation resulting in further extrusion and symptomatology." The doctor reported that this June 6, 2013 incident at the hotel room was not a new injury nor was it related to the claimant's work activities that day. The claimant did not present any evidence to refute Dr. McLean's testimony.

**¶13**        Based on the accepted evidence of record, the origin of claimant's injury was purely personal since it was related to his preexisting herniated disc which he sustained while performing a family remodeling project prior to his employment at Corrpro. Further, there is no work connection because claimant was not engaged in any work-related activity at the time of the incident in the motel room. For these reasons, claimant failed to meet his burden of proving that his injury arose out of his employment.

**¶14**        In the Award, the ALJ found that claimant met the "in the course of" employment test, but failed to establish that his injury "arose out of" his employment with Corrpro. Because both tests must be satisfied to

---

[3]        *See Hester v. Indus. Comm'n*, 178 Ariz. 587, 589-90, 875 P.2d 820, 822-23 (App. 1993) (ALJ may incorporate a party's post-hearing memorandum, by reference, in the Award).

establish a compensable claim, the record supports the ALJ's legal conclusion.  Accordingly, we affirm the Award.[4]



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4]      For the first time in the reply brief, claimant argues that the Award is legally insufficient for this court's review because it lacks sufficient findings.  *See Post v. Indus. Comm'n*, 160 Ariz. 4, 770 P.2d 308 (1989).  Additional findings must be requested on administrative review before judicial review of the sufficiency of the findings. *See, e.g., Spielman v. Indus. Comm'n.*, 163 Ariz. 493, 496, 788 P.2d 1244, 1247 (App. 1989).  We have reviewed claimant's request for review and find no such argument was presented to the ALJ.  For that reason, we do not reach this argument on appeal.